

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JEFFREY HAIRSTON, | ) | Civil Action No. 7:09-CV-00125 |
|     Petitioner, | ) | |
| | ) | <u>MEMORANDUM OPINION</u> |
| v. | ) | |
| | ) | |
| JEFFREY DILLMAN, WARDEN, | ) | By: Hon. James C. Turk |
| GREEN ROCK CORRECTIONAL | ) | Senior United States District Judge |
| CENTER, | ) | |
|     Respondent. | ) | |

Jeffrey Hairston, an inmate held at Green Rock Correctional Center and proceeding <u>pro se</u>, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Hairston asserts that his rights under the 5th, 6th, and 14th Amendments to the U.S. Constitution were violated because (1) Petitioner was denied his right to effective assistance of counsel, (2) Petitioner was denied a fair trial because of the presence of biased jurors, (3) the prosecutor was overzealous and guilty of misconduct, and (4) Petitioner's conviction was a miscarriage of justice because the victim's testimony was not corroborated and Petitioner is actually innocent. Respondent filed a motion to dismiss, to which Petitioner responded, making the matter ripe for disposition. Upon review of the parties' arguments and the case record, the Court finds that the Respondent's motion to dismiss must be **GRANTED**, and Hairston's petition for § 2254 relief must be **DENIED**.

## I. Factual Background and Procedural History

On October 17, 2005, Petitioner was indicted by the Grand Jury on twelve counts. On November 3, 2005, Petitioner was arrested. The counts were as follows: One count of attempted rape, six counts of indecent liberties, and five counts of carnal knowledge. The attempted rape

1

charge and one count of indecent liberties were nolle prosequi. On January 17, 2006, Petitioner was convicted of five counts of indecent liberties with a person with whom he had a custodial relationship and five counts of carnal knowledge. On February 17, 2006, he was sentenced to 40 years imprisonment and a fine of $25,000.

## A. Factual Background of Indecent Liberties and Carnal Knowledge

Petitioner, who was forty-five years old at the time of the offenses, was the adopted brother of the victim, who was born on August 12, 1991. From August of 2004 through December of 2004, Petitioner had sexual intercourse with the victim approximately once every two weeks. The victim claimed that this occurred both in a truck by a wood pile near Petitioner's house and in Petitioner's basement. The victim lived with Petitioner and his wife for a brief period, but the offenses for which Petitioner was convicted did not occur during that time. The relationship was discovered when the victim attempted to pass a note to a friend in school telling her about the relationship. A teacher discovered the note and authorities became involved in the investigation.

## B. Procedural History

On October 10, 2006, Hairston's petition for appeal to the Court of Appeals of Virginia was denied. On December 29, 2006, a three-judge panel of the same court granted Petitioner's appeal in part and denied it in part. On June 19, 2007, the Court of Appeals of Virginia affirmed the convictions. On October 26, 2007, the Virginia Supreme Court denied his petition for appeal. On November 13, 2008, the Virginia Supreme Court denied his petition for writ of habeas corpus; on February 5, 2009, they denied his petition for rehearing.

On April 9, 2009, Hairston filed this petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254. On May 21, 2009, Respondent filed a motion to dismiss pursuant to Rules 12

and 56(b) of the Federal Rules of Civil Procedure. Petitioner responded with an opposition brief, but did not include further exhibits in his response.[1]

## II. Legal Standard

The Respondent's motion to dismiss must be treated as a motion for summary judgment. The Respondent submitted materials outside of the pleadings, including opinions and orders from state courts, petitions, briefs, and the motion to quash the subpoena duces tecum filed by the Commonwealth of Virginia in the Circuit Court. When a motion to dismiss is submitted with additional affidavits or documents outside the pleadings, the Court may consider it a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. Fed. R. Civ. Pro. 12(d).[2] In reviewing a motion for summary judgment, the court views the facts, and inferences to be drawn from those facts, in the light most favorable to the non-moving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587–88 (1986). Nevertheless, the courts look to the affidavits and other specific facts to determine whether there is a genuine issue of fact for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). Moreover, it is the

---

[1] For reasons explained infra, the court finds that an evidentiary hearing is unnecessary because the claims in the petition can be resolved on the basis of the present record. Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts specifically contemplates that "the adequacy of a § 2254 petition will be judged on the face of 'the petition and any attached exhibits.'" Wolfe v. Johnson, 565 F.3d 140, 169 (4th Cir. 2009). The Rule states that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition . . . ." R. GOVERNING § 2254 CASES 4.

[2] The parties received reasonable and explicit notice of the court's intention to convert the United States's motion to dismiss into one for summary judgment. The Clerk of the Court issued a Roseboro Notice on May 22, 2009, explaining that "if documents or affidavits outside the pleadings are submitted by either party, any motion(s) to dismiss under Rule 12(b)(6) of the Federal Rules of Federal Civil Procedure may be considered as motion(s) for summary judgment under Rule 56 of the Federal Rules of Federal Civil Procedure." (Dkt. No. 11).

3

substantive law that will identify which facts are material for the purposes of summary judgment. Id. at 248. Ultimately, summary judgment is only proper where "there is no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

Federal courts grant habeas relief "only on the ground that [the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Procedurally, however, the Supreme Court has established that a federal court may not grant habeas relief for unexhausted state claims not presented to the highest state court. O'Sullivan v. Boerckel, 526 U.S. 838, 842, 119 S.Ct. 1728(1999). All of the claims Petitioner makes were previously raised in his state habeas petition, and thus are considered to be exhausted and susceptible to federal habeas review.[3]

Even if all claims have been properly exhausted, a claim may not be heard if it is procedurally barred. A claim is procedurally barred when the claim, on a non-jurisdictional issue, could have been presented at trial and on appeal but was not. Slayton v. Parrigan, 215 Va. 27, 29, 205 S.E.2d 680, 682 (1974). Federal courts reviewing habeas claims may not review a procedurally defaulted claim because the claim is considered to have been adjudicated on independent and adequate state law grounds. Gray v. Netherland, 518 U.S. 152, 162 (1996). See also Harris v. Reed, 489 U.S. 255, 262, 109 S.Ct. 1038, 1043 (1989) (stating that "a procedural default will not bar consideration of a federal claim on habeas review unless the last state court rendering a judgment in the case clearly and expressly states that its judgment rests on a state procedural bar").

---

[3] Hairston's petition for a writ of habeas corpus to the Virginia Supreme Court was denied on November 13, 2008.

This procedural bar is inapplicable when the failure to review will "result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991); Murray v. Carrier, 477 U.S. 478 (1991). For the sake of completeness, the Court adds that this procedural bar also does not apply when the "prisoner can demonstrate cause for the default and actual prejudice as a result." Coleman, 501 U.S. at 750. A "fundamental miscarriage of justice" is generally considered to be the extraordinary case where "a constitutional violation has probably resulted in the conviction of one who is actually innocent." Murray, 477 U.S. at 495. See also Schlup v. Delo, 513 U.S. 298, 327 (1995). Because Petitioner's claims can be read to assert a claim of "actual innocence," the analysis of whether petitioner has surpassed this procedural hurdle is addressed supra with an analysis of actual innocence. The alternative rationale for finding inapplicable this procedural bar, cause and actual prejudice, is not specifically laid out by petitioner, but can be read into his claim of ineffectiveness of counsel. However, the Supreme Court has clearly announced that "counsel's ineffectiveness will constitute cause only if it is an independent constitutional violation." Coleman, 501 U.S. at 755. Petitioner has asserted two different claims of ineffectiveness of counsel, both as a separate claim and with regard to his claim of juror bias, and thus the analysis of whether petitioner has demonstrated "cause and actual prejudice" will be also be addressed supra with the claims of ineffectiveness of counsel.

Pursuant to the reforms of the Antiterrorism and Effective Death Penalty Act (AEDPA), a federal habeas court may not grant habeas relief for any claim "that was adjudicated on the merits in State court proceedings," unless the adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law." 28

U.S.C. § 2254(d)(1). For the purposes of 28 U.S.C. § 2254 (d)(1), an adjudication on the merits applies to all claims that were reached and decided in state court, even if in summary fashion.

The Court of Appeals for the Fourth Circuit has accorded the "contrary to" and "unreasonable application" clauses independent meaning. A state court decision is "contrary to" the Supreme Court's clearly established precedent if (1) the state court "arrives at a conclusion opposite to that reached by the Supreme Court as a matter of law" or (2) the state court "confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite" to that reached by the Supreme Court. Williams v. Taylor, 529 U.S. 362, 405 (2000). A state court decision is an "unreasonable application" of clearly established federal law if (1) the state court "identifies the correct legal rule . . . but unreasonably applies it to the facts of the particular state prisoner's case, or (2) the state court unreasonably extends a legal principle from [Supreme Court] precedent where it should not apply, or (3) the state court "unreasonably refuses to extend that principle to a new context where it should apply." Id. at 407. Thus, to succeed on any of the claims that Petitioner brings in his habeas petition that were already adjudicated on the merits in the Virginia Supreme Court, he must demonstrate that the state court denial of his claims was either contrary to or an unreasonable application of clearly established federal law.

### III. Analysis

#### A. Ineffective Assistance of Counsel

Petitioner charges that his counsel was ineffective because he failed to properly file a subpoena duces tecum for the victim's counseling records in the manner prescribed by Virginia Code § 32.1-127.1:03, which governs subpoenas duces tecum for medical records. Petitioner claims that counsel sought to obtain the records under 42 U.S.C. § 1320, which is the Health

6

Insurance Portability and Accountability Act (HIPAA) and governs the privacy of medical records. Petitioner argues that had counsel properly requested the counseling records, there is a reasonable probability he would have discovered evidence helpful to Petitioner's defense and that his failure to do so was prejudicial to Petitioner's case. The Court disagrees.

Petitioner is incorrect in his claim that his trial attorney sought to obtain the victim's counseling records under HIPAA. He is correct, however, that his attorney used the incorrect means to attempt to obtain the victim's records. The attorney sought to obtain the records under Rule 3A:12(b) of the Rules of the Supreme Court of Virginia, which is the statute that governs standard subpoenas duces tecum, rather than under Virginia Code § 32.1-127.1:03.

The fact that Petitioner's attorney incorrectly filed the subpoena does not necessarily render his assistance ineffective. In order to successfully challenge a sentence on the basis of ineffective assistance of counsel, Petitioner must satisfy the test set forth by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052 (1984). In Strickland, the Court held that a finding of ineffective assistance of counsel requires a two-prong showing, and a habeas petitioner bears the burden of persuasion for both prongs. Id. at 687.

First, Petitioner must show that the attorney's performance "fell below an objective standard of reasonableness," where reasonableness is determined under the "prevailing professional norms." Strickland at 688. In assessing an attorney's performance, judicial scrutiny must be "highly deferential" to tactical decisions, and the court must filter from its analysis the "distorting effects of hindsight." Id. at 689. Moreover, there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id.

Second, Petitioner must show that prejudice resulted from counsel's deficient performance. Id. at 692. To establish prejudice, a petitioner must show that there is a

"reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine the confidence of the outcome." Id. at 694.

Failure to satisfy either prong is fatal to a petitioner's claim, so "there is no reason for a court . . . to address both components of the inquiry if the defendant makes an insufficient showing on one." Id. at 697. Thus, "[i]f [a] defendant cannot demonstrate the requisite prejudice, a reviewing court need not consider the performance prong." Fields v. Att'y Gen. of Md., 956 F.2d 1290, 1297 (4th Cir.1992) (citing Strickland, 466 U.S. at 697).

Petitioner made a claim of ineffective assistance of counsel in his petition for habeas corpus to the Supreme Court of Virginia. After reviewing the claim, the court held that the claim "fails to satisfy the 'prejudice' prong of the two-part test. . . . Petitioner fails to identify the content of the records to show that they would have been material. Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different." Resp't Br./Mem. Supp. Mot. Dismiss, Ex. 9. After the Supreme Court of Virginia determined that he had failed to establish a reasonable probability that the outcome would have been different but for counsel's alleged deficient performance, Petitioner did not elaborate on his argument or provide further facts to support his claim. Because the Supreme Court of Virginia fully adjudicated this claim on its merits and did not act unreasonably or contrary to clearly established federal law or precedent in rendering its decision, this Court cannot grant habeas relief.

Even had the Supreme Court of Virginia not fully adjudicated Petitioner's claim of ineffective assistance of counsel, his claim would fail. Although attempting to obtain a victim's

medical records according to the wrong law may be unreasonable, Petitioner has failed to show that prejudice resulted from counsel's deficient performance as required by Strickland. First, Petitioner has failed to demonstrate that the victim's counseling records would be relevant to his case, let alone helpful to his arguments. In support of his argument that counsel's failure to properly subpoena the victim's counseling records was prejudicial, he argues that the victim lied about Petitioner having sexual intercourse with her in order to punish him for the decision Petitioner and his wife made to send the victim and her siblings back to live with their mother. In his petition, he states that "the Documents in question would have shown that the charges against Petitioner were alleged by prosecutrix in attempts to get out of a bad environment and were alleged only after Petitioner and Wife Kerry Hairston had decided not to adopt the alleged victim . . . ." Pt'r Br. at 11a. The Petitioner further states that "it is with Petitioners [sic] honest belief that the documents Petitioner was trying to obtain would have shown [that the victim lied] and would have been used to exonerate [sic] and acquit." Ptr's Br. at 11a. He fails to state any facts that support his belief. In fact, Petitioner's counsel at trial stated that "he did not know whether the information in [the] records would 'hurt me or help me.'" Resp't Br./Mem. Supp. Mot. Dismiss, Ex. 2. In addition, Petitioner has submitted a letter written by a sister of both the victim and Petitioner, in which she apologizes to Petitioner for lying about Petitioner making sexual advances towards her when the victim's claims were being investigated. Ptr's Br., Ex. B. This evidence does not show that the victim's counseling records would demonstrate that the victim also lied about her relations with Petitioner. Petitioner has offered no facts that demonstrate that the victim's records would have been material to the case.

Second, the Petitioner has failed to show that, even if counsel had followed the procedure laid forth in the correct statute in order to obtain the victim's counseling records, the records

9

would have necessarily been disclosed. At trial, the Commonwealth opposed disclosure of the records because Petitioner had not shown the records to be material and filed a motion to quash the subpoena duces tecum. The Virginia Circuit Court for the County of Pittsylvania granted the Commonwealth's motion not because counsel had used the improper statute but because the court found the records to be immaterial. Resp't Br./Mem. Supp. Mot. Dismiss, Ex. 2. Petitioner has not demonstrated that, even had counsel properly subpoenaed the records, the court would have allowed disclosure.

### B. Juror Bias

Petitioner claims that he was denied his Fifth Amendment right to a fair trial because of the presence of biased jurors. He specifies bias in two jurors. He claims that one of the jurors had feelings of personal animosity toward Petitioner, which he attributes to a relationship and resulting pregnancy that existed between the juror's daughter and the nephew of Petitioner's wife. He also notes that he preached at the funeral held for the juror's parents. He claims that a second juror[4] was biased because she was his lawn care customer.

The Supreme Court of Virginia adjudicated this claim on the merits when it denied Petitioner's petition for habeas corpus in that court. The Supreme Court of Virginia held that the claim was barred because it was a non-jurisdictional issue that could have been raised at trial and on direct appeal, and cited to Slayton v. Parrigan, 205 S.E.2d 680 (Va. 1974) (holding that an inmate is procedurally defaulted from raising claims in habeas proceeding which could have

---

[4] The second juror was referred to as Juror Lisa Meadows in the petition for habeas corpus relief that Petitioner filed with the Virginia Supreme Court. The Virginia Supreme Court noted in their denial of the petition that Lisa Meadows was not among the list of potential jurors. Petitioner states in his petition for habeas corpus relief filed with this Court that Lisa Fortune was incorrectly referred to as Lisa Meadows in his state petition; however, Petitioner has again referred to this juror as Lisa Meadows in his response to Respondent's motion to dismiss. See Pet'r Br. at 11b; Pet'r Resp. Opp'n Mot. Dism. at 1.

been raised during trial or appellate proceedings). A claim is procedurally defaulted when a state court finds that review is barred by an independent and adequate state procedural rule. Fisher v. Angelone, 163 F.3d 835, 844 (4th Cir. 1998). The Court of Appeals for the Fourth Circuit has recognized Slayton as an independent and adequate procedural rule. See Wright v. Angelone, 151 F.3d 151, 159–60 (4th Cir. 1998) (quoting Mu'min v. Pruett, 125 F.3d 192, 196 (4th Cir. 1997), cert. denied, 522 U.S. 978, 118 S.Ct. 438, 139 L.Ed. 337 (1997)) ("We have recognized that 'the procedural default rule set forth in Slayton constitutes an adequate and independent state law ground for decision.'"). Therefore, because the state court found that his claim was barred by an independent and adequate state law, Petitioner's claim of juror bias has been procedurally defaulted.

With regard to his claim of juror bias, Petitioner also argues that his trial counsel was ineffective because he refused to strike these two jurors after Petitioner informed him that the jurors knew him. The Supreme Court of Virginia considered this issue, and found that Petitioner failed to meet the two prongs of Strickland. The court found that counsel did not fail the performance prong because the trial record showed that all jurors demonstrated that they were unbiased, could be impartial, and did not know Petitioner. The court also found that counsel stated that Petitioner had not made him aware of the juror bias issue. The Supreme Court concluded that petitioner failed to show that counsel's performance was deficient or that, but for counsel's alleged errors, the results would have been different. The Court cannot conclude that the Supreme Court of Virginia based its decision on an unreasonable determination of the facts or acted contrary to clearly established federal law when it decided that Petitioner failed to establish a reasonable probability that the outcome would have been different but for counsel's alleged deficiency. Therefore, the Court cannot grant Petitioner's request for a writ of habeas

corpus. See 28 U.S.C. 2254(d) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.").

### C. Prosecutorial Misconduct

Petitioner claims that the prosecutor in his case committed misconduct because she was overzealous and maintained charges that lacked probable cause, and argues that this violates his due process rights under the Fourteenth Amendment. He argues that the second and subsequent indictments for indecent liberties and carnal knowledge were subsequent offenses that all should have been charged as one count for indecent liberties and one count for carnal knowledge. He argues that he was not in Virginia during part of the time when the offenses where charged to have occurred and that his resulting conviction was a miscarriage of justice.

Petitioner's claim is a non-jurisdictional issue that should have been raised at trial or on direct appeal. See, e.g., Pruett v. Thompson, 996 F.2d 1560, 1564 (4th Cir. 1993) (upholding the dismissal by the Virginia Supreme Court of a claim of prosecutorial misconduct because it should have been raised at trial or on direct review). The Supreme Court of Virginia considered Petitioner's claim of prosecutorial misconduct and determined that the claim was barred as a non-jurisdictional issue that should have been raised at trial or on direct appeal, citing to Slayton. A claim is procedurally defaulted when a state court finds that review is barred by an independent and adequate state procedural rule. Fisher v. Angelone, 163 F.3d 835, 844 (4th Cir.

1998). Under Slayton v. Parrigan, 205 S.E.2d 680 (Va. 1974), an inmate is procedurally defaulted from raising claims in habeas proceeding which could have been raised during trial or appellate proceedings. The Court of Appeals for the Fourth Circuit has recognized Slayton as an independent and adequate procedural rule. See Wright v. Angelone, 151 F.3d 151, 159–60 (4th Cir. 1998) (quoting Mu'min v. Pruett, 125 F.3d 192, 196 (4th Cir. 1997), *cert. denied*, 522 U.S. 978, 118 S.Ct. 438, 139 L.Ed. 337 (1997)) ("We have recognized that 'the procedural default rule set forth in *Slayton* constitutes an adequate and independent state law ground for decision.'"). The Supreme Court of Virginia's adjudication did not "result in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law," and therefore this Court cannot grant Petitioner's request for a writ of habeas corpus 28 U.S.C. § 2254(d)(1).

### D. Non-corroboration of Victim Testimony

Finally, Petitioner claims that his conviction was a miscarriage of justice because the victim's testimony was not corroborated. Petitioner argues that much of the physical evidence that the victim claimed would be in certain places was not found by the investigating officer. Petitioner's claim fails because corroboration of testimony is a non-jurisdictional issue that should have been raised at trial or on direct appeal. This claim is also barred by 28 U.S.C. § 2254 because the Supreme Court of Virginia considered the issue of non-corroborated victim testimony when it denied Petitioner's petition for habeas corpus in that court, and that adjudication did not "result in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law." 28 U.S.C. § 2254(d)(1).

Petitioner further asserts in his final claim that he has suffered a miscarriage of justice because he is actually innocent. A free-standing claim of actual innocence, without an

independent constitutional violation, is not a basis for habeas relief under 28 U.S.C. 2254. In order to succeed in his claim of actual innocence, "Petitioner must demonstrate that no reasonable juror would convict him in light of new evidence." Schlup v. Delo, 513 U.S. 298, 327 (1995).

Petitioner offers in support of his claim of actual innocence a letter written by a sister of both the victim and Petitioner. See Pet'r Br, Ex. B. In her letter, the sister apologizes to Petitioner for lying about Petitioner making sexual advances towards her. Pet'r Br., Ex. B. Petitioner argues that this evidence shows that he did not commit the crimes for which he was convicted. This evidence, however, is not new. Although the sister originally told social workers that Petitioner had made sexual advances toward her, she later recanted that claim and testified on the Petitioner's behalf at his trial.

In support of his argument of actual innocence, Petitioner also offers evidence to show that he was in Detroit, Michigan between the dates of August 10, 2004 and August 13, 2004 to show that he could not have committed the offenses for which he was convicted. His conviction, however, was for five counts of indecent liberties and five counts of carnal knowledge each of which took place between August 12, 2004 and January 31, 2005. The fact that Petitioner was not in Virginia for four days during this time does not mean that he could not have committed the offenses on other dates during the time frame.

The evidence that Petitioner offers does not demonstrate that "no reasonable juror would convict him in light of new evidence." Schlup v. Delo, 513 U.S. 298, 327 (1995). This evidence was offered at trial, and he was nonetheless convicted by a jury. Petitioner has not met his burden of showing a free-standing constitutional violation adequate to support a successful claim of actual innocence. Because Petitioner has failed to show constitutional violation which has

probably resulted in his conviction despite his actual innocent, he has not suffered a miscarriage of justice.

## IV. Conclusion

Petitioner has failed to show that counsel's procedurally improper request for the victim's counseling records prejudiced his case. This claim, along with his claims of juror bias, prosecutorial misconduct, and non-corroborated victim testimony, was fully adjudicated by the Supreme Court of Virginia when Petitioner petitioned that court for writ of habeas corpus, and it would therefore be improper for this Court to reconsider this claim. In addition, Petitioner's claims of juror bias, prosecutorial misconduct, and non-corroborated victim testimony are procedurally barred as non-jurisdictional issues that should have been raised at trial or on direct appeal. Even evaluated under the standard for summary judgment, Petitioner has not alleged facts that demonstrate that there is a genuine issue of material facts requiring trial.

For the stated reasons, the Respondent's Motion to Dismiss (Dkt. No. 9) is **GRANTED** and Hairston's 28 U.S.C. § 2254 Petition (Dkt. No.1 ) is **DENIED**. An appropriate order shall issue this day.

Petitioner is advised that he may appeal this decision, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, if a judge of the United States Court of Appeals for the Fourth Circuit or this court issues a certificate of appealability pursuant to § 2253(c). A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). This court finds that Hairston has failed to demonstrate such a showing, and thus declines to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322 (2003); Slack v. McDaniel, 529 U.S. 473 (2000). If Hairston intends to appeal and

seek a certificate of appealability from the Court of Appeals for the Fourth Circuit, his first step is to file a notice of appeal with this court within 30 days of the date of entry of the final order, or within such extended period as the court may grant pursuant to Rule 4(a)(5) of the Federal Rules of Appellate Procedure.

The Clerk is directed to send copies of this memorandum opinion and the accompanying final order to the petitioner and counsel of record for the respondent.

**ENTER:** This 19th day of November, 2009.

*/s/ James C. Turk*
Senior United States District Judge